UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL WASTE ASSOCIATES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 3:20-cv-00654 |
| LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION, | ) ) ) ) ) | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

The Memorandum Opinion and Order entered at Doc. No. 62 is **VACATED.**

Pending before the Court is Plaintiff's Motion for Leave to Modify Case Management Order and for Leave to File an Amended Complaint to revive a dismissed claim for breach of the implied covenant of good faith and fair dealing in light of new discovery. (Doc. No. 54). Defendant has responded in opposition, and Plaintiff has replied. (See Doc. Nos. 58, 61). For the reasons that follow, Plaintiff's motion will be denied.

### I. BACKGROUND[1]

Plaintiff National Waste Associates ("NWA") is a Connecticut company that provides waste removal management and recycling services throughout the country. (Compl. ¶ 1). Defendant LifeWay Christian Resources of the Southern Baptist Convention ("LifeWay") is a Tennessee non-profit that owned and operated approximately 170 retail bookstores. (Id. ¶ 2).

---

[1] The following factual background is largely drawn from the Court's prior opinion and order granting in part and denying in part Defendant's Motion to Dismiss. (See Doc. No. 42).

1

Around April 2010, the parties entered into an initial 36-month contract for NWA to provide waste removal and recycling services to LifeWay's bookstores. (Id. ¶¶ 6, 9). The parties renewed the contract on an annual basis until November 1, 2018, when the parties negotiated a five-year extension that was set to expire in 2023 (the "Agreement"). (Id. ¶¶ 6–8; see also Doc. No. 1-2 at 3). Pursuant to those negotiations, NWA agreed to provide its services at a 35% reduced rate. (Compl. ¶¶ 6–8, 15).

On November 30, 2019—about a year into the five-year term—LifeWay notified NWA of its intent to close all 170 stores serviced under the Agreement. (Id. ¶ 15). The Agreement contained several provisions that contemplated LifeWay's need to close stores, (Doc. No. 1-2); however, the parties disagree whether it allowed LifeWay to close *all* stores. The Agreement contained a Connecticut choice of law provision. (Id. at 7; see also Compl. ¶ 13).

On July 29, 2020, NWA brought suit, arguing that LifeWay breached the Agreement by closing all of its stores with almost four years remaining in the operative Agreement. (Doc. No. 23 at 4–5; see also Compl. ¶¶ 15, 18–19). NWA alleged four claims: (1) breach of contract (Count I); (2) breach of the implied covenant of good faith and fair dealing (Count II); unjust enrichment (Count III); and quantum meruit (Count IV).

On October 12, 2020, LifeWay filed a Motion to Dismiss all claims, including the breach of the implied covenant of good faith and fair dealing. (Doc. No. 15). The Court dismissed the breach of the implied covenant of good faith and fair dealing claim because NWA failed to plausibly allege facts from which to infer that LifeWay acted with "actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some

2

contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." (Doc. No. 42 at 6 (citations omitted)).

The deadline to amend pleadings was April 22, 2021. (Doc. No. 24 at 7). On December 7, 2021, NWA filed the instant Motion or Leave to Amend based upon the November 18, 2021 deposition testimony of Rick Mathis taken individually and as LifeWay's 30(b)(6) corporate designee. (See Doc. No. 54 at 3).

## II. STANDARD OF REVIEW

Typically, motions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15(a)(2), whereby the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under that standard, the district court has substantial discretion and may deny a motion for leave "based on undue delay, bad faith or dilatory motive or futility of amendment." Pedreira v. Ky. Baptist Homes for Children, 579 F.3d 722, 729 (6th Cir. 2009). The court can also deny such a motion due to the "repeated failure [of the moving party] to cure deficiencies" or because of "undue prejudice" to the non-moving party. But, in general, the mandate that leave is to be "freely given . . . is to be heeded." Forman v. Davis, 371 U.S. 178, 182 (1962).

However, "a different standard applies when a proposed amendment is so late that it would require the modification of a Rule 16 scheduling order." Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 449 (6th Cir. 2010) (citing Leary v. Daeschner, 349 F.3d 888, 904 (6th Cir. 2003)). Federal Rule of Civil Procedure 16 permits the modification of a scheduling order only for "good cause" and with the court's consent. Fed. R. Civ. P. 16(b)(4). This heightened standard "ensure[s] that at some point both the parties and the pleadings will be fixed" only subject to modification

based upon a showing of good cause. Leffew v. Ford Motor Co., 258 F. App'x 772, 777 (6th Cir. 2007).

Courts determine good cause by measuring the movant's "diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625–26 (6th Cir. 2002). The plaintiff must show that "despite [his] diligence [he] could not meet the original deadline." Shane v. Bunzl Distribution USA, Inc., 275 F. App'x 535, 536 (6th Cir. 2008). Moreover, in considering "good cause," the court must also consider—as one "consideration that informs" the analysis—whether the defendant would be prejudiced by the amendment and the modification of the scheduling order. Korn, 382 F. App'x at 450.

Even if no prejudice is evident, a plaintiff still "must [] explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." Korn, 382 F. App'x at 450. Where a plaintiff's explanation for delay is simply insufficient or not credible, it is appropriate for the court to deny the motion for leave to amend. Id.; see also Commerce Benefits Group v. McKesson Corp., 326 F. App'x 369, 376 (6th Cir. 2009). If the plaintiff establishes "good cause," the court then proceeds to the more permissive Rule 15(a)(2) analysis. Commerce Benefits, 326 F. App'x at 376.

### III. ANALYSIS

The Court appreciates NWA's reliance on the Mathis deposition, especially where he stated that LifeWay "had no intention of leaving the in-store retail sales business" and that the Agreement did not give LifeWay an "unqualified right to walk away from" its contractual obligations. (Doc. No. 54-1 at 6, 11; see also Doc. No. 54-3). NWA tries to explain its delay in taking the Mathis deposition because: (1) LifeWay consistently inhibited the discovery process, (Doc. No. 54-1 at

4

5); (2) it "had no reason to seek the current amendment" prior to the initial April 22, 2021 deadline because its initial bad faith claim had not yet been ruled on by the Court, (id. at 7); and (3) it spent significant time attempting to accommodate the mediation process, (id. at 8). All of this may be true, but it fails to explain why NWA waited until November 18, 2021 to take the deposition. And it says little, if anything, about NWA's diligence in doing so.

It is apparent that Mathis—the sole source of the new discovery relied upon—has had personal, first-hand knowledge about the dispute. He was a known "contact[] identified by Lifeway [sic] as having edited and negotiated the Agreement." (Id. at 5). Critically, however, NWA does not argue that LifeWay withheld the identity or impeded the deposition of Mathis, something they allege occurred with another LifeWay contact, Lori Morrison. (See id.). That Mathis had such an instrumental part in negotiating the Agreement, and that his identity was not withheld from NWA, implies that Mathis was known by NWA from the onset. Moreover, NWA took Mathis's deposition both individually and as LifeWay's corporate designee. (See id.). There is no reason why—and NWA does not argue to the contrary—NWA could not have deposed Mathis in his individual capacity sometime in advance of November 18, 2021 before returning to take his deposition as LifeWay's corporate designee. Courts within the Sixth Circuit routinely reject instances where a party fails to account for such delay. See Pittman v. Experian Info. Sols. Inc., 901 F.3d 619, 642 (6th Cir. 2018) (affirming denial of motion for leave to amend where plaintiff "provided no excuse or justification for" delay); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (same); see also Zwick Partners, LP v. Quorum Health Corp., 394 F. Supp. 3d 804, 814 (M.D. Tenn. Aug. 2, 2019) (rejecting similar rationale where plaintiff stood "mute" as to why "there was such a delay" in notifying the Court as to newly discovered evidence); Pethtel v.

5

State of Tenn. Dept. of Children Serv., No. 3:10-CV-469-TAV-HBG, 2020 WL 6827791, at *28 (E.D. Tenn. Nov. 20, 2020) (finding undue delay and rejecting plaintiff's motion for leave to amend where plaintiff waited until the final possible day).

Nor is it an excuse that LifeWay's motion to dismiss NWA's initial claim was still pending. Federal litigants consistently move to timely and reasonably amend complaints in similar circumstances. See Smith v. Leis, 407 F. App'x 918, 922 (6th Cir. Feb. 10, 2011) (noting that the district court denied as moot Defendant's pending motion to dismiss after granting plaintiff's motion for leave to amend). NWA also cannot seek refuge in the notion that its initial claim for breach of the implied covenant of good faith and fair dealing was "broadly drafted." (Doc. No. 54-1 at 3). The Sixth Circuit has made clear that "'[a] misconception of the law is not an excuse for the late presentation' of new grounds for relief." Shane, 275 F. App'x at 538 (citing Troxel Mfg. Co. v. Schwinn Bicycle Co., 489 F.2d 968, 971 (6th Cir. 1973)).

In short, NWA's reasons for delay are mere perfunctory allegations "that [a party] could not have discovered the facts required to support their claims." Johnson v. Metro. Gov't of Nashville & Davidson Cty., 502 F. App'x 523, 541 (6th Cir. 2012). Such allegations are insufficient to establish good cause under Rule 16. Id. Had NWA deposed Mathis sooner, it would have been "aware of the facts underlying the proposed amendment to [its] pleading." Ross v. Am. Red Cross, 567 F. App'x 296, 306 (6th Cir. 2014). It could then have pled its claim "within the parameters of the court's scheduling order." Shane, 275 F. App'x at 537. "[N]othing requires district courts to allow 'amendments which seek to assert known but previously unarticulated matters in order to revive dismissed claims." Id. NWA has thus failed to "demonstrate that, with due diligence, [it] could not have reasonably met the original deadline" to amend. Id.; see also

Moore v. Indus. Maint. Serv. Of Tenn., 570 F. App'x 569, 577 (6th Cir. 2014).

Any amendment at this late stage would also prejudice LifeWay. Under Rule 16, courts may also deny leave to amend where allowing amendments would be prejudicial to the opposing party. See Garza v. Lansing Sch. District, 972 F.3d 853, 879 (6th Cir. 2020). The Sixth Circuit has found that prejudice exists where the deadline for filing dispositive motions and trial, are imminent and factual discovery has largely completed. See Miller v. Admin. Office of the Courts, 448 F.3d 887, 898 (6th Cir. 2006); see also Zwick, 394 F. Supp. 3d at 814. Here, the dispositive motions deadline is January 14, 2022. (Doc. No. 39). Such a quickly approaching deadline would not afford LifeWay sufficient time to "engage in additional discovery and timely file its dispositive motion . . .." Clark v. Ascend Fed. Credit Union, No. 3-08-0257, 2009 WL 10698403, at *3 (M.D. Tenn. Jan. 8, 2009).

Accordingly, having reviewed NWA's proposed amendments and the record, the Court concludes that NWA has not shown good cause, and that its lack of diligence and prejudice to LifeWay weighs against amending the case management order under Rule 16(b).

## IV. CONCLUSION

For the foregoing reasons, NWA's Motion for Leave to Modify Case Management Order and for Leave to File an Amended Complaint. (Doc. No. 54) is **DENIED**. As an additional housekeeping matter, NWA's Motion for Leave to File Reply in Excess of Five Pages (Doc. No. 60) is **DENIED AS MOOT**.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE