UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| NATIONAL WASTE ASSOCIATES, LLC, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00654 |
| LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

National Waste Associates, LLC (NWA) filed this breach-of-contract case against Lifeway Christian Resources of the Southern Baptist Convention (Lifeway). The parties filed cross-motions for summary judgment. The Court denied NWA's motion and granted Lifeway's motion in part, leaving only NWA's breach-of-contract claim and request for punitive damages. Lifeway filed a motion to reconsider the punitive-damages ruling, and the motion is fully briefed. (Doc. Nos. 146–47, 152, 155). In light of this briefing, as explained below, the Court exercises its discretion to reconsider its prior analysis and grant summary judgment to Lifeway on NWA's request for punitive damages under Connecticut common law.

### I. BACKGROUND

The Court summarized the background of this case in its prior Memorandum Opinion. (See Doc. No. 141 at 2–3.) In short, NWA contracted to manage waste and recycling services at Lifeway's retail bookstores for a term of five years. This contract became effective on November 1, 2018. (See Doc. No. 1-2). After reviewing sales information for the 2018 Christmas season, Lifeway decided to close all its retail bookstores. (Doc. No. 91 ¶ 21). Lifeway notified NWA of

this decision in March 2019 and closed all retail bookstores by November 30, 2019, communicating with NWA about the timing of each closure and paying every invoice tendered by NWA along the way. (Id. ¶¶ 22, 27–28).

NWA sued Lifeway, claiming breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and quantum meruit, including requests for punitive damages and attorney's fees. (Doc. No. 1). The Court granted Lifeway's motion to dismiss NWA's implied-covenant claim (Doc. No. 42), and it granted Lifeway's request for summary judgment on NWA's unjust enrichment claim, quantum meruit claim, and request for contractual attorney's fees. However, the Court denied summary judgment on NWA's breach-of-contract claim and request for punitive damages. (Doc. Nos. 141–42).

The punitive damages analysis involved a choice of law issue, and the Court—contrary to Lifeway's position—applied the law of Connecticut instead of Tennessee. (Doc. No. 141 at 19–21). Lifeway does not contest this aspect of the Court's analysis. The Court also concluded that a reasonable jury could award NWA punitive damages under Connecticut law for Lifeway's asserted breach. (Id. at 21–23). It is this ruling that Lifeway asks the Court to revisit. (Doc. No. 146).

## II. ANALYSIS

### A. Procedural Posture

As an initial matter, NWA rightly notes that Lifeway relied solely on Tennessee law in the punitive-damages portion of its summary judgment motion. (See Doc. No. 65 at 30–32). NWA essentially contends that this failure amounts to forfeiture of the legal argument Lifeway presses in its motion to reconsider—that NWA's request for punitive damages cannot survive summary judgment under Connecticut law. (See Doc. No. 152 at 2–6). But an order denying summary judgment is interlocutory, so it "may be revised in the district court's discretion until final

2

judgment." ACT, Inc. v. Worldwide Interactive Network, Inc., 46 F.4th 489, 508 (6th Cir. 2022) (citations omitted). Indeed, the Court is "free to reconsider or reverse its decision for any reason." ACLU of Ky. v. McCreary Cnty., Ky., 607 F.3d 439, 450 (6th Cir. 2010) (quoting Cameron v. Ohio, 344 F. App'x 115, 118 (6th Cir. 2009)); see Cameron, 344 F. App'x at 117–18 (citation omitted) (explaining that a motion to reconsider denial of summary judgment is not subject to the "strictures" of a motion seeking review of a final judgment). The Court, therefore, may consider Lifeway's motion even if it is "effectively a renewed motion for summary judgment." Cameron, 344 F. App'x at 118; see Lexicon, Inc. v. Safeco Ins. Co. of Am., 436 F.3d 662, 670 n.6 (6th Cir. 2006) (quoting Kovacevich v. Kent State Univ., 224 F.3d 806, 835 (6th Cir. 2000)) ("District courts may in their discretion permit renewed or successive motions for summary judgment.").

Although Lifeway's insistent, ineffectual focus on Tennessee law in this section of its summary judgment briefing left much to be desired,[1] its position did not prevent NWA from presenting its argument to apply and rule in its favor under Connecticut law. (Doc. No. 90 at 25–26). Lifeway replied by arguing that the result was the same under both Tennessee and Connecticut law, distinguishing four Connecticut cases in a string cite. (Doc. No. 95 at 6 ("Even NWA's foreign cases do not suggest otherwise.")). And most importantly, the motion to reconsider has allowed both parties to fully brief the punitive damages issue under applicable Connecticut law, providing the Court a useful survey of caselaw clarifying the level of tortious conduct required to justify punitive damages for a breach of contract. (Doc. No. 152 at 6–14 (NWA's response); Doc. No. 155 at 3–5 (Lifeway's reply)).

The Court expects, and ordinarily requires, parties "to present their strongest arguments in their initial summary judgment motion." See Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir.

---

[1] At summary judgment (and in its motion to reconsider), Lifeway did not acknowledge the impact of the contractual choice-of-law provision on the choice-of-law analysis for NWA's punitive-damages request.

3

1995). But in the unique circumstances of this case, it would not make sense to send NWA's punitive-damages request to trial if the Court is now convinced that it does not survive scrutiny under the summary judgment standard. After all, "a legal ruling does not become more insulated from reversal by a senior court every time the junior court refuses to reconsider a prior ruling." Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys., 922 F.3d 713, 734–35 (6th Cir. 2019) (Sutton, J., concurring). Accordingly, the Court exercises its discretion to consider the substance of Lifeway's motion to reconsider. See Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, No. 2:06-CV-443, 2010 WL 11538539, at *4 (S.D. Ohio Sept. 28, 2010) ("The Court allows Defendant to renew its motion for summary judgment because both parties were fully able to brief the issues and if dismissal pursuant to Rule 56(c) is proper, it is in the interest of judicial economy to do so."); Whitford, 63 F.3d at 530 (holding that district court did not abuse its discretion by allowing "defendants to submit a second summary judgment motion [that] presented a new and (in the eyes of the district court) more convincing legal argument").

**B. Merits**

Summary judgment is appropriate for a moving party that shows "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Connecticut law, "[i]t is well settled that punitive damages generally are not recoverable for breach of contract." Lydall, Inc. v. Ruschmeyer, 282 Conn. 209, 260 n.24 (2007) (citing Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 127 (1966)). To that end, a breach of contract does not merit punitive damages "unless the breach is 'founded on tortious conduct.'" Edible Arrangements Int'l, Inc. v. Chinsammy, 446 F. App'x 332, 333 (2d Cir. 2011) (quoting L.F. Pace & Sons, Inc. v. Travelers Indem. Co., 514 A.2d 766, 776 (Conn. App. Ct. 1986); citing Triangle Sheet Metal Works, 154 Conn. at 127)). "Tortious conduct" includes "acts done

4

with a bad motive or with a reckless indifference to the interests of others." L.F. Pace & Sons, 514 A.2d at 776 (quoting Triangle Sheet Metal Works, 154 Conn. at 128).

NWA maintains that Lifeway's asserted breach of contract was reckless. And NWA is correct that, under Connecticut law, "reckless indifference" does not require "an actual intention to do harm to the plaintiff." Gaughan v. Higgins, 200 A.3d 1161, 1174 (Conn. App. Ct. 2018) (quoting Berry v. Loiseau, 223 Conn. 786, 811 (1992)). Still, recklessness is "more than negligence, more than gross negligence," and "more than a failure to . . . take reasonable precautions to avoid injury to [others]." Id. at 1175 (quoting Franc v. Bethel Holding Co., 807 A.2d 519, 537 (Conn. App. Ct. 2002)). Indeed, Connecticut courts have observed that reckless conduct "tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care." Craig v. Driscoll, 781 A.2d 440, 454 (Conn. App. Ct. 2001) (quoting Dubay v. Irish, 207 Conn. 518, 532 (1988)).

Here, considering the record as a whole, the Court concludes that NWA has not shown this to be the rare case justifying punitive damages for a breach of contract. It is undisputed that Lifeway decided to close all its retail bookstores after reviewing sales information for the 2018 Christmas season, informed NWA of its decision in March 2019, and communicated with NWA about the timing of each closure before closing the final store on November 30, 2019. That was about thirteen months into the parties' five-year contract. The parties dispute whether the contract permitted Lifeway's closure of all locations and cancellation of all services before the contract's five-year term was complete. As the Court previously concluded, the contract language governing the breach dispute is ambiguous, and extrinsic evidence of the language's meaning cuts both ways, so a jury must decide whether Lifeway breached. (Doc. No. 141 at 5–16).

Punitive damages, however, require more than mere breach. The breach must have resulted from conduct either supporting an underlying tort claim or giving the breach "a tortious overtone." See L.F. Pace & Sons, 514 A.2d at 776 (discussing Triangle Sheet Metal Works, 154 Conn. at 128). There is no underlying tort claim in this case, and the evidence previously relied on by the Court to establish recklessness does not bring this case within the realm of tort. (See Doc. No. 141 at 22). The Court noted the deposition testimony of Lifeway's corporate designee, Rick Mathis, in response to being asked if he would have entered the contract if he "thought the retail locations would close down en masse or close down completely within the five-year period." (Doc. No. 91-15 at 98). Mathis responded, "No," and when asked why not, stated: "I don't intentionally enter into any contract we have . . . no intention of following. If I knew we weren't gonna do it, I would not have a contract signed." (Id.). But testimony that Lifeway would have acted differently at contract formation with the benefit of hindsight does not, on its own, mean that Lifeway's subsequent conduct involved an extreme departure from ordinary care—even if that conduct is found to constitute breach.

NWA cites several examples of Connecticut courts allowing common law punitive damages, but those cases involve a level of tortious conduct not present here. (See Doc. No. 90 at 25–26 (summary judgment response); Doc. No. 152 at 6–13 (motion for reconsideration response)). Indeed, most of those cases include an underlying tort claim or fraud.[2] And the one

---

[2] See Landmark Inv. Grp., LLC v. CALCO Const. & Dev. Co., 318 Conn. 847, 878–80 (2015) (upholding award of punitive damages on claim of tortious interference with contractual relations); Hylton v. Gunter, 313 Conn. 472, 475 (2014) (footnote omitted) (upholding award of punitive damages on claims of "fraud, civil theft, breach of fiduciary duty, and breach of the implied duty of good faith and fair dealing"); Berry v. Loiseau, 223 Conn. 786, 811 (1992) (upholding award of punitive damages for claim of intentional infliction of emotional distress involving physical abuse); City of W. Haven v. Hartford Ins. Co., 221 Conn. 149, 163–64 (1992) (noting meritorious claim of false arrest in underlying Section 1983 case); Vandersluis v. Weil, 176 Conn. 353, 355–56 (1978) (asserting a "malicious prosecution action"); Collens v. New Canaan Water Co., 155 Conn. 477, 488 (1967) (asserting a "tortious taking"); Chioffi v. Martin, 186 A.3d 15, 34 (Conn. App. Ct. 2018) (contemplating punitive damages based on the tort of breach of fiduciary

6

case upholding punitive damages for a breach of contract without an underlying tort claim or fraud is readily distinguishable on the facts. In L.F. Pace & Sons, the Connecticut Appellate Court upheld a punitive damages award where defendant provided plaintiff "a bid bond . . . that allowed it to bid on a large public construction contract," but "after [p]laintiff won the bid, [d]efendant refused to provide the required performance bond, which caused [p]laintiff to lose the bid and eventually go out of business." Johns-Pratt v. BMW of N. Am., LLC, No. 3:18-CV-01799 (VLB), 2020 WL 1923238, at *5 (D. Conn. Apr. 21, 2020) (distinguishing Pace). This destruction of plaintiff's business opportunity "was malicious because of the nature of a bid/performance bond contract." Atlas Const. Co. v. Amity Reg'l Sch. Dist. No. 5, No. CV 970405442, 1999 WL 195821, at *6 (Conn. Super. Ct. Mar. 25, 1999) (distinguishing Pace). That is, defendant "knew, because of standard business practice, that [plaintiff] . . . could only obtain and maintain the construction contract if [both] the bid and performance bonds were issued." Id. This unique circumstance allowed the Pace court to justify punitive damages based on the allegation that defendant acted with willful "disregard for plaintiff's rights" and the intention of causing plaintiff "severe economic and financial loss." Pace, 514 A.2d at 776.

Unlike in Pace, NWA has not submitted evidence that Lifeway maliciously acted to destroy NWA's business opportunity or otherwise engaged in conduct so unreasonable as to register as reckless. Instead, Lifeway forthrightly informed NWA of its intention to close all stores and cancel all services, and it followed through on that decision in a way that was consistent with its reading

---

duty); Raspberry Junction Properties, LLC v. Edwards Fam. P'ship, LP, No. 3:18-CV-1243 (AWT), 2021 WL 4460285, at *7 (D. Conn. Sept. 29, 2021) (awarding punitive damages where defendant said that he made a $100,000 deposit into an escrow account, did not instruct the bank to wire the funds, and then "made affirmative representations that the money was in the escrow account"); Scannell v. Irish Am. Cmty. Center, Inc., NNHCV155036077S, 2018 WL 1659528, at *6–8 (Conn. Super. Ct. Mar. 2, 2018) (awarding punitive damages on trespass claim); Jurgelewicz v. Macy, No. WWMCV136007652S, 2016 WL 3202566, at *3 (Conn. Super. Ct. May 19, 2016) (awarding punitive damages against defendant who committed "daily sexual assaults" for approximately eight years).

7

of the contested contract language at the heart of the parties' breach dispute. The Court, therefore, ultimately agrees with Lifeway that this case exemplifies the District of Connecticut's incisive observation that it "is not a reckless act" "[t]o contest a legal argument in the courts, even when the law may eventually be construed unfavorably to the contesting party." See <u>Lee v. AIG Cas. Co.</u>, 919 F. Supp. 2d 219, 233 (D. Conn. 2013) (rejecting plaintiffs' request for punitive damages based on the argument that defendant recklessly breached a car insurance contract by "failing to adhere to the plaintiffs' interpretation of [pertinent] case law" when "[t]he Court had not yet determined the respective responsibilities and liabilities of the parties"). Accordingly, NWA has not presented evidence of recklessness sufficient to support a request for punitive damages.

### III. CONCLUSION

For these reasons, Lifeway's Motion for Reconsideration (Doc. No. 146) is **GRANTED**, and the Court exercises its discretion to **REVISE** its prior Memorandum Opinion and Order (Doc. Nos. 141, 142) such that Lifeway is **GRANTED** summary judgment on NWA's request for punitive damages. The remainder of the summary judgment analysis is unchanged, and this case will proceed to trial on NWA's breach-of-contract claim.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE